IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOWARD WAYNE HUNT, #361657, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:09-CV-0425-L |
| | ) | |
| JOHN DOES, | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is confined at the Ellis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), in Huntsville, Texas. Defendants are unidentified past, present and future executive directors of TDCJ, members of the Board of Pardons and Paroles, members of the Texas Legislature, and governors for the State of Texas. The court did not issue process in this case, pending preliminary screening.

Statement of Case: The complaint alleges that from September 22, 1997 until September 2000, Defendants placed Plaintiff on house arrest and forced him to wear an electronic monitoring as a condition of his mandatory supervision release. Plaintiff alleges that the house

arrest and electronic monitoring violated his Fourth, Fifth, Sixth and Fourteenth Amendment rights. (Complaint at 3-4). He requests declaratory and monetary relief.

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).

Plaintiff's civil rights claims are time barred. More than two years have elapsed since September 2000 when the events alleged in the complaint last occurred. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (in Texas, § 1983 actions are governed by the two-year personal injury limitations period, and court can raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2009). Therefore, Plaintiff's claims against the Defendants should be dismissed with prejudice as frivolous. *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as frivolous. *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 13th day of March, 2009.

                               /s/ Wm. F. Sanderson, Jr.
                               WM. F. SANDERSON, JR.
                               UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.